IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Meeks, | No. CV 12-335-TUC-RCC (CRP) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Susan McClintock, Warden, | |
| Respondent. | |

Petitioner Robert Meeks currently incarcerated at the Federal Correctional Institution in Safford, Arizona, filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241. (Docs. 1, 4 (supplement)). Petitioner seeks to vacate his convictions under 18 U.S.C. § 942(c). Respondent has filed an Answer (Doc. 10) and Petitioner has filed a Traverse (Doc. 11). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review, dismiss the Petition for lack of jurisdiction.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted by jury in the Northern District of Illinois of the

following offenses: (1) three counts of Conspiracy/Attempt to Commit Robbery in violation of 18 U.S.C. § 1951 (Counts 1, 3, 4); (2) one count of Distribution of Heroin in violation of 21 U.S.C. § 841(a); (3) one count of Conspiracy to Deprive the Civil Rights of Others in violation of 18 U.S.C. § 241; and (6) two counts of Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts 6, 7). (Answer (Doc. 10), p. 2 (citing Exh. 1, ¶4); *see also* Answer, Exh. 1, Att. 2). Petitioner was sentenced on June 11, 1998 and is serving an aggregated 435-month sentence, with a projected release date of December 14, 2028, after application of projected Good Conduct Time sentence credits. (Answer, p. 2 (citing Exh. 1, ¶ 3)).

Petitioner, a civilian, was convicted for crimes he committed with three Chicago police officers. *United States v. Meachum*, 182 F.3d 923, * 1 (7th Cir. July 15, 1999) (unpublished). Petitioner and his three co-defendants set up and executed robberies of drug dealers. *Id.* Petitioner would call drug dealers to arrange the drug transactions. *Id.* Petitioner's three co-defendants would then meet the drug dealers and rob them of cash and drugs. *Id.* After Petitioner was found guilty, he appealed his convictions and sentences.

As part of his direct appeal, Petitioner argued the trial court erred in determining his violations of 18 U.S.C. § 1951 conspiracy/attempt to commit robbery and 18 U.S.C. § 241 conspiracy to deprive the civil rights of others constituted "crimes of violence" under § 924(c). Petitioner argued the jury, not the judge, should have determined whether these two crimes were "crimes of violence" under § 924(c). The Seventh Circuit disagreed with Petitioner. It reasoned that whether an offense is a "crime of violence" under § 924(c) is a question of law that can be suitably decided by the trial judge. *Id.* at *1-*2. The Seventh Circuit also rejected Petitioner's argument that his sentence was excessive. *Id.* at *6. However, the appellate court remanded to the trial court a limited issue related to Petitioner's sentence calculation. *Id.* at *6-*7.

Thereafter, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Meeks v. United States*, 2003 WL 1989653, *1 (N.D. Ill. Apr. 30, 2003). In that action, Petitioner recapitulated many of his arguments raised on direct appeal. The District Court denied Petitioner relief. Petitioner appealed the decision to the Seventh Circuit, which affirmed the trial court's decision denying relief. *Meeks v. United States*, 105 Fed. App'x. 834, 836, 2004 WL 1380545 (7th Cir. 2004). The U.S. Supreme Court subsequently denied Petitioner's petition for writ of *certiorari*. *Meeks v. United States*, 546 U.S. 878 (2005).

On February 3, 2010, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Meeks v. Graber,* 2011 WL 6722645 (D. Ariz. Aug. 31, 2011), *adopted by* 2011 WL 6412561 (D. Ariz. Dec. 21, 2011). Petitioner argued that a then-recent United States Supreme Court decision, *United States v. Johnson,* 559 U.S. 133 (2010), invalidated his §924(c) conviction for his §241 crime. In sum, Petitioner argued that his violation of §241 could not be considered a "crime of violence" under §924(c) because the Government did not prove he used or attempted to use violent physical force to commit the crime. *See Meeks,* 2011 WL 6412561 at *4. To bring such a claim, Petitioner had to show that he fell within the savings clause of 28 U.S.C. § 2255(e). The Magistrate Judge recommended that the District Court deny the petition for lack of jurisdiction because Petitioner failed to show that he fell within the savings clause. *See id.* at *6. (holding that because Petitioner failed to show that *Johnson* constituted a relevant change of law, he, in turn, failed to show that had been denied an unobstructed procedural shot to bring his claim). The District Court adopted the Magistrate Judge's recommendation finding that Petitioner did not fall within the savings clause because *Johnson* was not new, relevant law. *Meeks v. Graber,* CV 10-71-TUC-RCC, 2011 WL 6412561 at *1. Thereafter, Petitioner filed a Notice of Appeal, the Ninth Circuit remanded the matter to the District Court for the limited purpose of granting or denying a

- 3 -

certificate of appealability, and the District Court declined to issue a certificate of appealability and denied Petitioner's Motion for Permission to Appeal *In Forma Pauperis.* (Docs. 40, 45, 46 *filed in Meeks v. Graber,* CV 10-71-TUC-RCC).

**INSTANT HABEAS PETITION.** Petitioner now files a second habeas petition pursuant to 28 U.S.C. § 2241 seeking to vacate his convictions under §924(c). (Petition (Doc. 1)). Petitioner claims in Ground I that under the 2003 decision in *United States v. Colvin,* 353 F.3d. 569 (7th Cir. 2003) (en banc), he is factually and actually innocent of "using or carrying" a firearm under 18 U.S.C. § 924(c) "to commit an agreement in violation of 18 U.S.C. §241." (*Id.* at p. 4). In Ground II, Petitioner claims that §2255 is inadequate or ineffective because *Colvin* is not a Supreme Court decision made retroactive, his claim of factual and actual innocence is not grounded upon newly discovered evidence, and his claim is not based on a new rule of constitutional law. (*Id.* at p. 5). In his third and final Ground for relief, Petitioner claims that neither the abuse of the writ doctrine or the law of the case precludes consideration of the instant §2241 Petition. (*Id.* at p. 6). Petitioner elaborates on his claims in the Memorandum attached to his Petition (Doc. 1-1) and he also filed Supplement wherein he argues that §241 cannot be considered a crime of violence for purposes of §924(c). (Supplement (Doc. 4)).

Respondent contends that the Petition should be dismissed for lack of jurisdiction. (Answer (Doc. 10)).

**DISCUSSION**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES.** A federal prisoner is generally required to exhaust his federal administrative remedies before filing a habeas petition. *See e.g. Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991). This rule, however, is intended to apply when a § 2241 petition challenges the execution of a prison sentence. The exhaustion requirement is also judicially created and not a statutory requirement. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds, Reno v.*

- 4 -

*Koray*, 515 U.S. 50 (1995). Although Respondent argues Petitioner has failed to exhaust his administrative remedies regarding the claims raised in his Petition, Respondent also concedes that the Bureau of Prisons could not remedy Petitioner's claim.  (Answer, p. 5). Therefore, requiring Petitioner to exhaust administrative remedies would be futile. Accordingly, the Petition should not be dismissed for failure to exhaust administrative remedies.

**JURISDICTION:  THE SAVINGS CLAUSE.**

A federal prisoner challenging the legality of a sentence must generally do so by motion raised in the sentencing court pursuant to 28 U.S.C. § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir.2008). A prisoner who wishes to challenge the manner, location, or conditions of the execution of his sentence must bring a petition pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).   However, an exception to these general rules is created by § 2255(e), also known as the "savings clause" or "escape hatch." The savings clause permits a federal prisoner to file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  If the prisoner's claims fall within the savings clause of §2255(e), then the prisoner may challenge the legality of his sentence through a §2241 petition filed with the custodial court,  *Hernandez,* 204 F.3d at 865, which in this case is the District of Arizona.

Respondent asserts this Court lacks jurisdiction to rule on the merits of Petitioner's § 2241 Petition because Petitioner fails to qualify for relief under the savings clause of §2255(e).  Petitioner argues that he properly filed his Petition pursuant to § 2241 in this District because the remedy provided by § 2255 is "inadequate or ineffective" to test his claim of "actual innocence" based on *Colvin.*

The savings clause applies "where a petitioner (1) makes a claim of actual

- 5 -

innocence and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). The savings clause is a narrow doctrine to be used in extremely limited circumstances. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). Petitioner has the burden of persuading the Court that a § 2255 petition is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir.1963). If a petitioner proceeding under §2241 fails to meet his burden of demonstrating that the remedy under §2255 is inadequate or ineffective, then the §2241 petition will be dismissed for lack of jurisdiction. *See Ivy v. Pontesso,* 328 F.3d 1057, 1060 (9th Cir. 2003).

Additionally, to proceed under §2241, a petitioner must also show that he is unable to meet the gatekeeping provisions of § 2255(h) that would allow the petitioner to bring a second and successive § 2255 motion. 28 U.S.C. 2255(h); *see Stephens*, 464 F.3d at 898. The gatekeeping provision prohibits the filing of a second § 2255 motion unless there is newly discovered evidence that is clear and convincing evidence to a reasonable factfinder that the petitioner is not guilty or there is a new rule of constitutional law. 28 U.S.C. §2255(h).

**ANALYSIS.**  As a threshold matter, the Court must assess whether §2255(h) applies to permit Petitioner to file a successive §2255 motion. In Ground II of the instant Petition, Petitioner concedes that his current claim is not based on a new rule of constitutional law or on newly discovered evidence. (Petition, p.5). Thus, because Petitioner does not meet the requirements of §2255(h), he cannot raise his instant claims in a successive § 2255 motion under that provision. Consequently, Petitioner may proceed here if he is able to establish that he satisfies the requirements of the savings clause set out at §2255(e). Petitioner contends that he falls within the savings clause in light of the *Colvin* decision.

**UNOBSTRUCTED PROCEDURAL SHOT.**   Like the Ninth Circuit in *Ivy* and *Stephens*, this

- 6 -

Court begins the §2255(e) savings clause analysis with the second factor, which considers whether Petitioner had an unobstructed procedural shot at presenting his claims by way of direct appeal or a § 2255 motion. To satisfy this prong of the test, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060. *See also Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *Holland v. Pontesso*, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); *Tripati v. Henman*, 843 F.2d 1160, 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

When determining whether a petitioner has not had an "unobstructed procedural shot," the Ninth Circuit "consider[s] '(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first §2255 motion.'" *Alaimalo,* 645 F.3d at 1047 (quoting *Harrison*, 519 F.3d at 960).

In *Colvin*, the case on which Petitioner bases his Petition, the defendant was convicted on charges arising out of his role in a cross burning. Colvin was convicted of, *inter alia,* conspiracy to threaten or intimidate persons in the free exercise or enjoyment of housing rights in violation of 18 U.S.C. §241, use of fire (cross burning) in the commission of a felony in violation of 18 U.S.C. 844(h)(1), and using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Colvin,* 353 F.3d at 571. The Seventh Circuit concluded that 18 U.S.C. § 241 could not be used as predicate felony to support a conviction under §844(h)(1) "for using fire to commit a felony…", overruling two earlier Seventh Circuit cases. *Colvin,* 353 F.3d at 576. The court so held based on the reasoning that an overt act is not required under §241 and, therefore,

"[b]ecause the conspiracy offense is the agreement alone, and because fire was not used in this case to form that agreement, fire could not have been used to commit the §241 conspiracy." *Id.* Thus, the *Colvin* court concluded that "the §241 offense is the agreement, and one cannot use fire to form an agreement unless, for example, the conspirators 'communicated across the Mississippi River by smoke signals or by hanging a lantern in a belfry.'" Colvin, 353 F.3d at 575-75 (quoting *United States v. Corona*, 108 F.3d 565, 573 (5th Cir. 1997)).

Petitioner stresses that under *Colvin*, §241 does not require an overt act. (Memorandum (Doc. 1-1), pp. 9-10; Supplement (Doc. 4), p. 2). He goes on to argue that because he did not use or possess a firearm to form the agreement under §241, his conviction under §241 cannot be used as the predicate offense for his convictions under 18 U.S.C. §924(c). (Memorandum, (Doc. 1-1), pp. 9-10; Supplement (Doc. 4), pp. 2-3).

Respondent agrees that "Petitioner's argument is facially compelling." (Answer, p. 8). Respondent concedes that "[t]he original versions of §924(c) and §844(h) were substantially identical in language, as Congress patterned the latter after the former." (*Id.* (citing H.R. Rep. No. 91-1549 at 69 (1970)). Nonetheless, Respondent challenges Petitioner's position by relying on the 1998 amendment to §924(c) "which prescribe[d] an additional sentence for anyone who 'uses or carries a firearm…*in furtherance of*' of a crime of violence." (Answer, p. 8 (quoting 18 U.S.C. §924(c)(1)(A) (emphasis in original)). Respondent points out that *Colvin* did not address §924(c)'s post-1998 amendment language imposing "the far more lenient 'possession in furtherance of' standard…" than that set out in §844(h). (Answer, p. 9). Therefore, Respondent argues that although Petitioner "may indeed be correct that he did not use or carry a firearm *to commit* the §241 conspiracy[,]…there is no question that Petitioner by virtue of the conduct of his co-defendants, did indeed use or carry a firearm *in furtherance of* the §241 conspiracy." (*Id.* (citing *Meachum,* 1999 WL 511431 at *2)) (emphasis in original).

- 8 -

However, Petitioner correctly points out that he was sentenced in June 1998, prior to the November 1998 amendment to §924(c) relied upon by Respondent. (Traverse, (Doc. 11), p. 2; *see also* Answer, Exh. 1, ¶4 & Att. 2); *see also* Pub. L. No. 105-386 (Nov. 13, 1998), amending 18 U.S.C. §924.  Instead, the version of §924(c) applicable to Petitioner provided an additional sentence for a defendant who:

> during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years,….

18 U.S.C. §924(c)(1) (1994 & Supp. 1998).  This is also evident by the fact that at Petitioner's trial, the jury instructions addressing the §924(c) counts tracked the pre-amendment language.  (*See* Petition, Exh. A, pp. 3242-43 (Doc. 1-1, pp. 20-21)).

Consequently, Respondent's reliance on the 1998 amendment to §924(c) has no bearing whatsoever on Petitioner's case.  Further, Respondent's argument concedes that prior to the 1998 amendment, §924(c) and §844(h) were "substantially identical in language." (Answer, p. 8).  Nor does Respondent provide a basis for distinguishing *Colvin* in this case but, instead, has agreed that "[l]ike the defendant in *Colvin*, [Petitioner] may indeed be correct that he did not use or carry a firearm to commit the §241 conspiracy." (*Id.* at p. 9) (emphasis omitted).

Like defendant Colvin, Petitioner was convicted of §241 and Petitioner contends that conviction served as the predicate crime for additional sentences under a statute employing "substantially identical…language" (Answer, p. 8), as the statute at issue in *Colvin*.  To qualify for the savings clause "[a]n intervening court decision must 'effect a material change in the applicable law' to establish unavailability[]", and not "simply 'provide[] further clarification' of the statute of conviction…." *Alaimalo* 645 F.3d at

- 9 -

1047 (quoting *Harrison,* 519 F.3d at 960). In *Colvin,* the Seventh Circuit made clear for the first time in that circuit that §241 did not require an overt act in furtherance of the agreement, but instead, "the conspiracy offense [was] the agreement alone…." *Colvin,* 353 F.3d at 576. Moreover, the court overruled prior cases that had relied on violation of §241 as the predicate felony for application of §841(h)(1). *Id.* Under the instant circumstances, it is arguable that *Colvin*, by extension, represents a material change in the law relevant to Petitioner's claim. If that is the case, then Petitioner is closer to falling within §2255(e)'s saving clause.

However, cutting against Petitioner's attempt to qualify for the savings clause is the fact that the record does not suggest that a claim under *Colvin* was unavailable to Petitioner during the course of his first §2255 motion given that *Colvin* was decided while Petitioner's §2255 motion was on direct appeal.[1] *See Abdullah v. Hedrick,* 392 F.3d 957 (8th Cir. 2004) (petitioner, whose §2255 motion was pending in the district court when the Supreme Court effected a material change in the applicable law, had an unobstructed chance to raise his actual innocence claim in the pending §2255 action). However, because Petitioner's §2255 action was pending before the appellate court when *Colvin* was decided, it is not clear what recourse he would have had to amend his motion to add a claim under *Colvin*, and Respondent does not suggest that such amendment was viable.[2] Nor does Respondent specifically address the timing of the *Colvin* decision in

---

[1] The trial court issued its decision denying Petitioner's §2255 motion on April 30, 2003, *Colvin* was decided on December 24, 2003, the Seventh Circuit entered its decision affirming the denial of Petitioner's §2255 motion on June 17, 2004, and the Supreme Court denied Petitioner's petition for writ of *certiorari* on October 3, 2005.

[2] The fact that Petitioner previously filed a §2241 petition with this Court in 2010 and failed to raise a claim under *Colvin* is also troubling and brings into question the abuse of the writ doctrine which "'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo,* 645 F.3d at 1049 (quoting *Calderon v. United States Dist. Ct.,* 163 F.3d 530, 538 (en banc), *overruled on other grounds by Woodford v. Garceau,* 538 U.S. 202 (2003). However, "[t]he government bears the burden of pleading abuse of the writ" *id.* (citation omitted), and it did not do so

- 10 -

relation to Petitioner's §2255 motion.

At bottom, Respondent relies on a version of §924(c) that does not apply to Petitioner in order to distinguish the case on which Petitioner bases his claim and to argue that Petitioner has failed to establish that he was denied an unobstructed procedural shot at presenting his claim of actual innocence. By solely relying on the 1998 amendment to §924(c), Respondent has failed to provide any pertinent or persuasive reason to support the conclusion that Plaintiff fails to show that he was denied an unobstructed procedural shot to present his claim. However, even assuming that Petitioner has satisfied this portion of the test, to fall within the savings clause, he must also show that he is actually innocent of the challenged offenses, *see Alaimalo,* 645 F.3d at 1047, and Respondent persuasively argues that Petitioner fails to meet this requirement.

**ACTUAL INNOCENCE.** To establish actual innocence Petitioner "'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Alaimalo,* 645 F.3d at 1047 (quoting *Stephens,* 464 F.3d at 898). Respondent points out that "[t]he Seventh Circuit acknowledged in Petitioner's direct appeal that §924(c) accounted for the bulk of Petitioner's sentence, 'because the jury found that the officers robbed at least two drug dealers at the points of their service revolvers' and Petitioner is 'accountable for the acts of his partners in crime.'" (Answer, p. 10 (quoting *Meachum,* 1999 WL 511431 at *2)). The trial court in Petitioner's case instructed the jurors that Petitioner could be convicted under §924(c) if he committed a §1951[3] violation or a §241 violation. *See Meachum,* 1999 WL 511431 at *1. (*See e.g.* Petition, Exh. A, pp. 3242-43 (Doc. 1-1, pp. 20-21)). "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*,

---

here.

[3] Count 1 alleged conspiracy to commit robbery, Count 3 involved a robbery on or about November 15, 1996 and Count 4 involved a robbery on or about December 4, 1998. (*See* Petition, Exh. A).

- 11 -

481 U.S. 200, 211 (1987)).  Given that Petitioner was convicted of the §1951 counts, it is reasonable to conclude that two of these counts could form the predicate offenses for the two §924(c) convictions.  *See e.g. United States v. Lynch,* 437 F.3d 902 (9th Cir. 2006) (§1951 used as predicate offense for §924(c) conviction); *United States v. Mendez,* 992 F.2d 1488, 1492 (9th Cir. 1993) (holding that conspiracy to rob in violation of §1951 is a crime of violence under the substantial risk definition of §924(c)(3)(B)).  Therefore, in light of the fact that the jury found Petitioner guilty of the §1951 counts, Petitioner cannot say that no reasonable jury would have convicted him of successive §924(c) violations.  *Cf. Colvin,* 353 F.3d at 576-77 (declining to find plain error warranting reversal because even though §241 could not qualify as a predicate offense for a §844(h) conviction, it was "highly unlikely that the jury convicted Colvin under §844(h)(1) based on the §241 conspiracy alone…" given that he was also convicted under another statute that constituted a predicate offense under §844(h)).

Petitioner cites the Double Jeopardy Clause to counter Respondent's reliance on his convictions under §1951 to challenge his Petition.  According to Petitioner, even if the Court found that the conspiracy to commit robbery in violation of §1951 could be a predicate for the §924(c) convictions, "this Court cannot use Count (1) to give Petitioner both §924(c) convictions because it will violate Petitioner's [rights under the Double Jeopardy Clause]…to convict him on two §924(c) counts based on one conspiracy." (Petition, p. 10 (citing *United States v. Cappas,* 29 F.3d 1187, 1190 (7th Cir. 1994); *see also* Traverse, p. 7 (citing cases for the premise that multiple convictions under §924(c) must be supported by separate predicate offenses)).

*Cappas* held that a defendant could not be convicted of multiple counts of §924(c) for using multiple guns in a single offense.  *Cappas,* 29 F.3d at 1188-90.  However, *Cappas,* like much of the authority cited in Petitioner's Traverse, does not prevent the linking of multiple §924(c) violations to multiple predicate acts.  *Id.* at 1190.  As

- 12 -

Respondent correctly points out, the jury in Petitioner's case found that firearms were used in connection with two separate robberies. Thus, Petitioner's successive §924 convictions related to the two robberies of which he stands convicted do not run afoul of *Cappas* and do not violate the Double Jeopardy Clause. *See e.g. United States v. Curtis,* 324 F.3d 501, 508 (7th Cir. 2003) (recognizing that "where two separate predicate offenses exist, there is no problem with imposing two enhancements under § 924(c)" and distinguishing *Cappas* which "address[ed] an entirely different problem…[involving] the imposition of multiple § 924(c)(1) convictions for each gun attributable to a defendant, even if the gun was 'carried or []used' in the same place and at the same time as other targeted guns."); *see also United States v. Beltran,* 556 F.3d 913, 916 (9th Cir. 2009) (a defendant may be convicted of multiple violations of §924(c) so long as each is supported by a separate predicate offense). Petitioner's further reliance on *United States v. Rosenberg,* 888 F.2d 1406 (D.C. Cir. 1989) is equally unavailing given that *Rosenberg* addressed the Double Jeopardy Clause protection against a second prosecution for the same offense after conviction, which is not the case here.

On the instant record, even if §241 cannot qualify as a predicate offense for Petitioner's successive §924(c) convictions, Petitioner has failed to show he is actually innocent of violating §924(c) in light of his §1951 convictions.

**CONCLUSION**

Because Petitioner fails to show that he is actually innocent of violating § 924(c), he fails to satisfy the criteria to file this §2241 action under the savings clause. Consequently, the only proper course for Petitioner to raise the claims advanced in the instant Petition is by way of a motion under § 2255. Such a motion is properly filed in the Northern District of Illinois where Petitioner was sentenced. *Hernandez*, 204 F.3d at 864. This Court may transfer the action if the following three conditions are satisfied: (1) this Court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at

the time the action was filed; and (3) the transfer is in the interest of justice. 28 U.S.C. §1631; *see also Hernandez*, 204 F.3d at 865 n.6 ("the proper transfer statute [for a §2241 petition that fails to qualify for the savings clause] would be §1631 which allows transfer to cure want of jurisdiction."). In the instant case, transfer is inappropriate given that Petitioner has already filed one motion pursuant to § 2255, thus, he would be required to seek the approval of the Seventh Circuit Court of Appeals before the district court could accept another §2255 motion. *See* 28 U.S.C. § § 2255, 2244(b)(3)(A); *see also Balcar v. Ives*, 2012 WL 2259163 (E.D. Cal. June 15, 2012) (declining to transfer motion to sentencing court where the sentencing court would lack jurisdiction over the motion "because petitioner would first be required to obtain authorization from the Ninth Circuit to file a 'second or successive' §2255 motion...."); *Scales v. Chavez*, 2008 WL 4174869 (D. Ariz. Jan. 30, 2008) (same). On the instant record, Petitioner's §2241 Petition should be dismissed for lack of jurisdiction. *See Stephens*, 464 F.3d at 899 (affirming district court's dismissal of §2241 petition for lack of jurisdiction where petitioner failed to "properly invoke[] the 'escape hatch' [*i.e.* savings clause] exception of §2255 that would permit him to file a petition of habeas corpus under §2241.").

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) for lack of jurisdiction.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from

the District Court to do so. If objections are filed, the parties should use the following case number: **CV 12-335-TUC-RCC.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003).

Dated this 28th day of August, 2014.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE