# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Meeks,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Susan McClintock,<br><br>　　　　　　Respondent. | No. CV-12-00335-TUC-RCC<br><br>**ORDER** |

　　　　Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Docs. 1, 4 (supplement)), Respondent's Answer (Doc. 10) and Petitioner's Traverse (Doc. 11). This matter was referred to Magistrate Judge Pyle, who issued a Report and Recommendation (Doc. 25). Petitioner filed objections to Judge Pyle's R & R (Doc. 27) to which Respondent Responded (Doc. 28). Thereafter, Petitioner filed a Motion for Leave to file a Reply to Respondent's Responses to Petitioner's Objections (Doc. 29). Respondent filed a Response in Opposition to Petitioner's Motion for Leave to File a Reply to the Respondent's responses to Petitioner's objections (Doc. 30), and Petitioner filed a Response to the same (Doc. 31).

　　　　In addition to the aforementioned objections and motions, Petitioner has since filed a series of supplemental motions. Petitioner filed a Motion to Add New Legal Authority to Petitioner's §2241 Petition (Doc. 33), a Motion for a Telephonic Status Conference (Doc. 34) and a Motion to Add New Legal Authority Supporting that this Court has Jurisdiction Over Petitioner's 28 U.S.C. §2241 Petition (Doc. 35).

Petitioner's Motion to file a Reply to Respondent's Responses to Petitioner's Objections (Doc. 29) is denied, and Petitioner's objections to Magistrate Judge Pyle's Report and Recommendation (Doc. 27) are also denied. This Court accepts and adopts Magistrate Judge Pyle's August 28, 2014 Report and Recommendation (Doc. 25) as the findings of fact and conclusions of law of this Court. Further, Petitioner's supplemental motions to add new legal authority and request for a telephonic status conference are denied. (Docs. 33-35).

**I.      Report and Recommendation**

**A.     Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Pyle's Report and Recommendation (Doc. 25). This Court fully incorporates by reference the "Factual and Procedural History" section of the Report and Recommendation into this Order.

**B.     Discussion**

The duties of the District Court in connection with a Report and Recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to a Report and Recommendation, "[a] judge of the [District] court shall make a de novo determination of those portions of the [Report & Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner*

*v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

On September 12, 2014 Petitioner filed timely objections to Magistrate Pyle's Report and Recommendation (Doc. 27).  Therein, Petitioner makes no objection to the Factual and Procedural History section of the Report and Recommendation. *See* Doc. 27 at p. 1.  Petitioner does object to the standard of review applied to his Petition, as well as to the conclusions drawn by Judge Pyle regarding: the materiality of *United States v. Colvin*, 353 F.3d 569 (7th Cir. 2003)(en banc); Petitioner's "actual innocence" of 18 U.S.C. § 924(c); and jurisdiction.  *See* Doc. 27 at pp. 2-8.

Petitioner's objections raise issues and arguments that were considered and appropriately addressed by Judge Pyle.  Moreover, Petitioner's objections do not undermine Judge Pyle's well-reasoned conclusion that Petition failed to demonstrate he is "actually innocent" of violating 18 U.S.C. §924(c) in light of his two, separate, 18 U.S.C. §1951 robbery convictions. *See* Doc. 25 at pp. 11-13.

After Respondent filed its Response to Petitioner's Objections to Magistrate Pyle's Report and Recommendation (Doc. 28), Petitioner filed a Motion for Leave to Reply to Respondent's Response [to Petitioner's Objections to the R&R] (Doc. 29). Petitioner's Motion contained both the prayer for relief and the substantive, unsolicited reply.  This Court did not grant leave for Petitioner to file a reply pursuant to Fed. R. Civ. P. 72(b)(2).  Leave is not warranted in this matter as Petitioner cannot overcome Judge Pyle's thoroughly and correctly analyzed conclusion that Petitioner failed to demonstrate he is "actually innocent" of violating  18 U.S.C. §924(c). *See* Doc. 25 at p. 13.

This Court has made a de novo review of those portions of the Report & Recommendation to which Petitioner's objections were made.  This Court considers the Report and Recommendation to be comprehensive and well-reasoned.

**II.     Supplemental Motions (Docs. 33-35)**

Petitioner seeks to supplement his Petition to add citations to case law that he

contends supports the conclusions that this Court has jurisdiction to hear his claim and that violation of 18 U.S.C. § 241 is not a crime of violence and, therefore, cannot qualify as a predicate offense for his §924(c) convictions. *See* Docs. 33, 35. The cases cited by Petitioner are repetitive of cases he has already cited in his Supplement (Doc. 4) to his Petition, in his Traverse (Doc. 11), and in his Objections to Magistrate Judge Pyle's Report and Recommendation (Doc. 27). Moreover, the additional authority does not address, alter, or undermine the fact that, even if §241 could not constitute the predicate offense for Petitioner's successive §924(c) convictions, his convictions under §1951 can, thereby rendering this Court without jurisdiction to consider Petitioner's Petition. *See*, Doc. 27 at 11-14. Accordingly, Petitioner's requests to supplement the record (Docs. 33, 35) are denied.

Petitioner's request for a telephonic status conference reiterates his objections to Magistrate Judge Pyle's Report and Recommendation. *See* Doc. 34 and Doc. 27. Such a status conference is unnecessary as this Order disposes of need for further discussion of the status of this matter.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion to for Leave to File a Reply to Respondent's Response to Petitioner's Objections to the Report and Recommendation (Doc. 29) is **DENIED.** Accordingly, the portions of Petitioner's Motion amounting to a substantive reply (Doc. 29, Memorandum of Points and Authorities) are **STRUCK** from the record.

2. Petitioner's Objections to Magistrate Judge Pyle's Report and Recommendation (Doc. 25) are **DENIED**.

3. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Pyle's August 28, 2014 Report and Recommendation (Doc. 25) as the findings of fact and conclusions of law of this Court.

4. Petitioner's Motion to Add New Legal Authority to Petitioner's §2241 Petition (Doc. 33) is **DENIED**.

5. Petitioner's Motion for a Telephonic Status Conference (Doc. 34) is **DENIED**.

     6. Petitioner's Motion to Add New Legal Authority Supporting that this Court has Jurisdiction Over Petitioner's 28 U.S.C. §2241 Petition (Doc. 35) is **DENIED**.

     7. Petitioner's Petitioner under 28 U.S.C. §2241 (Doc. 1) and this case are **DISMISSED**.

     8. The Clerk of the Court must **enter judgment accordingly and close this case**.

     9. Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006 (9th. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

     Dated this 22nd day of July, 2015.

*[signature]*

Raner C. Collins
Chief United States District Judge